UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAYMOND L. BARTEE, | : | |
| Plaintiff, | : | Civ. No. 16-0805 (RBK) (JS) |
| v. | : | |
| MARIA BILLOTTI, et al., | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this Opinion. Plaintiff names three defendants in this action: (1) Maria Billotti – Court Clerk; (2) Scott Sherwood – Deputy Public Defender; and (3) Lauren Gambardell – Public Defender.

Plaintiff alleges that Maria Billotti is the Deputy Court Clerk at the Cape May Courthouse. He claims as follows against her:

> She has been ignoring my moving papers, petitions and motions I have been filing for the last two years.
>
> She has helped deprive me of both my due process and equal protection rights while acting under color of law by violating her duties and obligations as the clerk of the court by not stamping and

> filing my moving papers or returning them to me if they were
> nonconforming in order for me to correct them and retransmit them
> in order to retain my filing date all in accord with the New Jersey
> Court Rules[.]

(Dkt. No. 1 at p. 4) Plaintiff requests monetary damages and seeks an Order from this Court to have the County of Cape May relax its rules of procedure towards him.

### III.    LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

District courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV. DISCUSSION

A. <u>Maria Billotti</u>

Plaintiff's allegations center on defendant Billotti's role as a court clerk. It appears as if she has refused to accept some of plaintiff's filings. As courts have noted, quasi-judicial immunity applies to "court clerks who are alleged to have acted incorrectly or improperly in the carrying out of their official duties." *See Brown v. Donio*, No. 5697, 2014 WL 5089579, at *4 (D.N.J. Oct. 9, 2014) (citing *Wicks v. Lycoming Co.,* 456 F. App'x 112, 115 (3d Cir. 2012) (finding that court administrator was entitled to absolute immunity for transferring case from one judge to another); *Wallace v. Abell,* 217 F. App'x 124 (3d Cir. 2007) (holding Clerk of Court absolutely immune from a suit for damages for discretionary acts, and that court personnel are qualifiedly immune for nondiscretionary acts such as entering orders and notifying parties); *see also Alfred v. New Jersey,* 2013 WL 4675536 (D.N.J. Aug. 29, 2013) (slip copy) (holding that Court Administrator is entitled to "at least" qualified immunity for his authorization of an arrest warrant issued by a judge, as the action is "integral to the judicial function and within the responsibility assigned to court personnel")).

In this case, plaintiff's claims against Billotti arise from her official position as court clerk and in her role in stamping and docketing his purported filings. Accordingly, his claims for damages against her will be dismissed with prejudice on grounds of immunity.

As indicated above, plaintiff also seeks to have this Court order the County of Cape May to relax its rules of procedure. This Court construes this request for relief by plaintiff as seeking mandamus relief.[1] Under 28 U.S.C. § 1361, a district court has "jurisdiction over a mandamus action to compel an employee of the United States to perform a duty owed to the plaintiff."

---

[1] To the extent that plaintiff has requested this relief as something other than seeking mandamus relief, he can so state in any proposed amended complaint he may elect to file.

*Taylor v. Hayman,* 435 F. App'x 62, 63 (3d Cir. 2011). However, plaintiff's requested relief is seeking an order to compel state officials to perform a duty owed to plaintiff (purportedly to have state court filings be filed by relaxing the rules of procedure). Such an order would not fall within the scope of § 1361 and is not properly raised in this Court. *See Taylor,* 435 F. App'x at 63 (affirming denial of mandamus petition for lack of jurisdiction brought seeking to compel state officials to perform a duty); *Morales v. Public Defenders of Delaware Cnty.,* No. 12–6531, 2012 WL 6621369, at *4 (E.D. Pa. Dec.19, 2012) ("[T]o the extent plaintiff requests a writ of mandamus to require the state court reporter to give him transcripts, there is no legal basis because federal courts have no authority to issue writs of mandamus against state officers) (citations omitted). Thus, all of the claims against Billotti will be dismissed with prejudice.

   B.  Scott Sherwood & Lauren Gambardell

Besides citing them in the caption of his complaint, plaintiff fails to state with any factual specificity Sherwood and Gambardell's role in his claims. Thus, plaintiff fails to satisfy the *Iqbal* facial plausibility pleading standard with respect to these two defendants. Accordingly, plaintiff's claims against these two defendants shall be dismissed without prejudice for failure to state a claim.[2] Because plaintiff's claims against these two defendants are being dismissed without prejudice, plaintiff shall be given thirty days in which to file a proposed amended complaint should he elect to do so.

---

[2] Plaintiff also includes a laundry list of other individuals and offices on page 5 of his complaint. However, he fails to state with any factual specificity how these potential defendants are involved in his case. Thus, to the extent that plaintiff's intent was to include them as defendants, with no factual allegations tying them to his case included in his complaint, he also fails to satisfy the *Iqbal* pleading standard to them as well.

5

## V.     CONCLUSION

For the foregoing reasons, plaintiff's claims against Billotti are dismissed with prejudice. Plaintiff's claims against Sherwood and Gambardell are dismissed without prejudice. An appropriate order will be entered.

DATED:  September  9, 2016

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
